IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KAREN M. STRONG,

    Plaintiff,

vs.                                              CASE NO. 5:10cv7/RS-MD

FLORIDA DEPARTMENT OF
CORRECTIONS, and WARDEN
SAM CULPEPPER, in his individual
capacity,

    Defendants.
_____/

## ORDER

Defendant Warden Sam Culpepper's motion to dismiss (Doc. 12) is **denied**.

In analyzing the affirmative defense of qualified immunity, a two part inquiry is used: "(1) do the alleged facts show that the government actor violated a constitutional right? and (2) was that constitutional right clearly established?" *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007), citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct 2151, 2156 (2001). The law is clearly established that an employer may not demote or discharge a public employee for engaging in protected speech. *Boyce* at 1341, citing *Travers v. Jones,* 323 F.3d 1294, 1295 (11th Cir. 2003). It is well settled by the Supreme Court that for a government

employee's speech to have First Amendment protection, the employee must have (1) spoken as a citizen and (2) addressed matters of public concern. *Id.*

The complaint alleges that Plaintiff's speech was outside the scope of her official duties as an employee and addressed a matter of public concern. The complaint therefore sufficiently alleges that Plaintiff's speech was protected under the First Amendment, and that Defendant violated a clearly established constitutional right.

**ORDERED** on March 23, 2010.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**